IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| | ) | **COMPLAINT** |
| | ) | |
| FORT BEND COUNTY, TEXAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**The United States of America, Plaintiff herein, alleges:**

1.     The Attorney General files this action pursuant to:

a)     Sections 4(f)(4) and 208 of the Voting Rights Act of 1965, as amended, 42

U.S.C. §§ 1973b(f)(4) and 1973aa-6, and 1973j(d), and 28 U.S.C. § 2201,

with respect to the conduct of elections in Fort Bend County; and

b)     Section 302(a) of the Help America Vote Act of 2002 ("HAVA"), 42

U.S.C. §§ 15482(a), with respect to the conduct of elections for Federal

office in Fort Bend County.

## JURISDICTION

2.      The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1345 and 42 U.S.C. §§ 1973j(d) and 1973j(f), and 42 U.S.C. § 15511.  The events relevant to this action occurred in Fort Bend County, which is located in the United States District Court for the Southern District of Texas, Houston Division.

## PARTY

3.      Defendant FORT BEND COUNTY is a political and geographical subdivision of the State of Texas that administers and conducts elections.

## ALLEGATIONS

4.      According to the 2000 Census, Fort Bend County had a total population of 354,450 persons, of whom 74,785 (21.10%) were Hispanic.  The total voting age citizen population was 213,097, of whom 34,262 were Hispanic.  Of Fort Bend County's Hispanic voting age citizen population, 8,300 were limited-English proficient.

5.      Fort Bend County, as a political subdivision of the State of Texas, is subject to the requirements of Section 4(f)(4) with respect to the Spanish language.  42 U.S.C. § 1973b; see also 40 Fed. Reg. 43,746 (Sept. 23, 1975); 28 C.F.R. § 55.5(b).  The determination that Fort Bend County is covered by Section 4(f)(4) for Spanish language is final and non-reviewable.  42 U.S.C. § 1973b(a)(9)(b); 28 C.F.R. § 55.4(a)(1).

6.      Because Fort Bend County is subject to the requirements of Section 4(f)(4), "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots" that Defendant provides in English must also be furnished in Spanish to Spanish-speaking voters.  42 U.S.C. § 1973b(f)(4).

7.     Fort Bend County has been continuously covered under Section 4(f)(4) to provide bilingual elections in Spanish since September 23, 1975.  40 Fed. Reg. 43,746 (Sept. 23, 1975); see also 28 C.F.R. § 51, Appendix.  The Department of Justice has notified Fort Bend County election officials regarding the bilingual election requirements of the Voting Rights Act.  In 2004, the Department of Justice and the State of Texas sent letters to Fort Bend County notifying the County of its obligations.

8.     Section 302(a) of HAVA requires that jurisdictions conducting elections involving a Federal office must provide a provisional ballot "[i]f an individual declares that such individual is a registered voter in the jurisdiction in which the individual desires to vote and that the individual is eligible to vote in an election for Federal office, but the name of the individual does not appear on the official list of eligible voters for the polling place or an election official asserts that the individual is not eligible to vote."  42 U.S.C. § 15482(a).

9.     Sections 302(a)(1) and (2) of HAVA provide that prior to the casting of a provisional ballot, an election official at the polling place shall notify the individual that the individual may cast a provisional ballot in that election, and the individual shall execute a written affirmation before an election official at the polling place stating that the individual is a registered voter in the jurisdiction in which the individual desires to vote and is eligible to vote in that election.  42 U.S.C. §§ 15482(a)(1)-(2).

10.    Section 302(a)(5)(A) of HAVA requires that at the time an individual casts a provisional ballot, the state or local election official shall give the individual written information

3

11.    that states that any individual who casts a provisional ballot will be able to

ascertain through a free access system whether the vote was counted, and, if the

vote was not counted, the reason that the vote was not counted.  42 U.S.C. §

15482(a)(5)(A).

12.    Each state and jurisdiction must comply with Section 302 of HAVA in any

election for Federal office by January 1, 2004.  42 U.S.C. §§ 15482(a), (d).

## FIRST CAUSE OF ACTION

13.    Plaintiff hereby alleges and incorporates by reference paragraphs one through 10

above.

14.    Defendant has failed to provide effective election-related information and

assistance in Spanish to limited-English proficient Hispanic voters, as required by Section 4(f)(4)

of the Voting Rights Act, by failing to recruit, appoint, train, and maintain an adequate pool of

bilingual poll officials capable of providing Spanish-speaking voters with limited-English

proficiency necessary and effective language assistance on election day.

15.    Defendant has also failed to provide effective election-related information and

assistance in Spanish to limited-English proficient Hispanic voters, as required by Section 4(f)(4)

of the Voting Rights Act, by failing to provide certain election-related information, including but

not limited to information publicizing elections, in a manner that ensures Spanish-speaking

voters of an opportunity to be informed about election-related activities.

16.    Defendant's failure to provide limited-English proficient Hispanic citizens of Fort

Bend County with Spanish language election assistance and information, as described above,

constitutes a violation of Section 4(f)(4).

17.     Unless enjoined by this Court, Defendant will continue to violate Section 4(f)(4) by failing to provide the limited English proficient Hispanic citizens of Fort Bend County with Spanish language election information and assistance necessary for their participation in the political process.

### SECOND CAUSE OF ACTION

18.     Plaintiff hereby alleges and incorporates by reference paragraphs one through 10 above.

19.     Section 208 of the Voting Rights Act provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. § 1973aa-6.

20.     In violation of Section 208, Defendant, its employees, and agents have failed to allow voters to obtain assistance from the assistors of their choice through the following practices:

    a.     Prohibiting assistors of choice from providing assistance to Hispanic voters with limited English proficiency;

    b.     Requiring limited-English proficient Hispanic voters to be assisted by poll workers who either did not speak Spanish or did not speak Spanish fluently; and

    c.     Failing to accurately and adequately instruct poll workers of their duty to permit voters who need assistance to obtain assistance from any person of

the voters' choice, other than the voters' employers or agents of those

employers or officers or agents of the voters' union.

21.     Defendant's failure to allow voters to receive necessary assistance from a person

of their choice, other than their employers or union officials, as described herein, is a violation of

Section 208 of the Voting Rights Act.  42 U.S.C. § 1973aa-6.

22.     Unless enjoined by this Court, Defendant will continue to violate Section 208 by

failing to provide Fort Bend County's voters the opportunity to receive assistance from persons

of the voters' choice and by limiting the scope of the assistance voters can receive from their

chosen assistors.

### THIRD CAUSE OF ACTION

23.     Plaintiff hereby alleges and incorporates by reference paragraphs one through 11

above.

24.     During past elections for Federal office in Fort Bend County, Defendant and its

agents did not allow otherwise qualified individuals to cast provisional ballots, in violation of

Section 302(a) of HAVA, and did not distribute information to provisional voters on how to

determine whether their votes were counted and, if the vote was not counted, the reason that the

vote was not counted, in violation of Section 302(a)(5)(A) of HAVA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff the United States of America prays that this Court enter an

order:

(1)     Declaring that the practices of Defendant set forth above violate Section 208 of

the Voting Rights Act, 42 U.S.C. § 1973aa-6;

6

(2)     Declaring that Defendant has failed to provide in an effective manner Spanish

language election information and assistance necessary for the political

participation of limited English proficient Hispanic voters, in violation of Section

4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973b(f)(4);

(3)     Declaring that Defendant is not in compliance with Section 302(a) of HAVA, 42

U.S.C. § 15482(a), with respect to the proper administration of provisional ballots

in elections for Federal office;

(4)     Enjoining Defendant, its employees, agents, successors in office, and all persons

acting in concert with it, from engaging in any act or practice that denies the rights

secured by Section 208 of the Voting Rights Act, 42 U.S.C. § 1973aa-6;

(5)     Enjoining Defendant, its agents, and successors in office, and all persons acting in

concert with it, from failing to provide in an effective manner Spanish language

election information and assistance to voters with limited English proficiency as

required by Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973b(f)(4);

(6)     Enjoining Defendant, its employees, agents, successors in office, and all persons

acting in concert with it, from failing or refusing to comply promptly with the

requirements of Section 302(a) of HAVA;

(7)     Requiring Defendant to develop and implement a remedial plan to ensure that Fort

Bend County's voters are permitted assistance from persons of their choice when

they cast their ballots, in compliance with Section 208 of the Voting Rights Act,

42 U.S.C. § 1973aa-6;

7

(8)  Requiring Defendant to develop and implement a remedial plan to ensure that Hispanic voters with limited English proficiency are able to understand, learn of, and participate in all phases of the electoral process as required by Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973b(f)(4);

(9)  Requiring Defendant, its employees, agents, successors in office and all persons acting in concert with it, to promptly develop a plan to remedy the demonstrated violations of Section 302(a) of HAVA, fully and completely before the next election for Federal office in 2009; and

(10)  Authorizing the appointment of federal observers for elections held in Fort Bend County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a).

Plaintiff further prays that this Court order such additional relief as the interests of justice may require, together with the costs and disbursements in maintaining this action.

Date: _9th_ day of _April_, 2009.

Respectfully submitted,

ERIC HOLDER
Attorney General

_Loretta King_

LORETTA KING
Acting Assistant Attorney General
Civil Rights Division

TIM JOHNSON
Acting United States Attorney

/s Daniel David Hu
DANIEL DAVID HU
Assistant United States Attorney
Deputy Civil Chief
Texas Bar No. 10131415
P.O. Box 61129
Houston, TX  77208
713 567 9518
713 718 3303 (fax)

Daniel.hu@usdoj.gov

_Christopher Coates_

CHRISTOPHER COATES
Chief, Voting Section

_Olimpia Michel_

YVETTE RIVERA
Special Litigation Counsel
OLIMPIA MICHEL
Trial Attorney
United States Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Avenue NW, Room NWB-7254
Washington, D.C.  20530
202 305 4953
202 307 3961 (fax)
Yvette.Rivera@usdoj.gov

Attorneys for the United States of America