IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 4:09-cv-1058 |
| ) | |
| FORT BEND COUNTY, TEXAS, ) | **CONSENT DECREE, JUDGMENT,** |
| ) | **and ORDER** |
| Defendant. ) | |
| ) | |
| ) | |
| _____ ) | |

The United States of America filed this action pursuant to Sections 4(f)(4) and 208 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973b(f)(4) and 1973aa-6, and Section 302(a) of the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. § 15482(a). The Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. §§ 1973j(d), 1973j(f), and 15511.

According to the 2000 Census, Fort Bend County had a total population of 354,450 persons, of whom 74,785 (21.10%) were Hispanic. The total voting age citizen population was 213,097, of whom 34,262 were Hispanic. Of Fort Bend County's Hispanic voting age citizen population, 8,300 were limited-English proficient.

Fort Bend County is covered under Section 4(f)(4) of the Voting Rights Act, as amended, 42 U.S.C. § 1973b(f)(4) ("Section 4(f)(4)"), to provide Spanish language written materials and assistance to voters. The State of Texas, including Fort Bend County, has been subject to the requirements of Section 4(f)(4) since September 23, 1975. 40 Fed. Reg. 43,746; see also 28 C.F.R. pt. 51, Appendix. As a result, Fort Bend County has been under notice of its obligations under

Section 4(f)(4) since 1975. The Department of Justice has sent Fort Bend County and other covered jurisdictions information regarding the bilingual election requirements of the Voting Rights Act. Plaintiff alleges that Defendant has not complied with all of the requirements of Section 4(f)(4) for Spanish-speaking citizens residing in Fort Bend County by failing to provide an adequate number of bilingual poll officials trained to effectively assist Spanish-speaking voters on election day, and by failing to provide in an effective manner certain election-related information to Spanish-speaking voters.

Fort Bend County is subject to the requirements of Section 208 of the Voting Rights Act, as amended, 42 U.S.C. § 1973aa-6 ("Section 208"). Section 208 provides that "[a]ny voter who requires assistance to vote by reason of blindness, disability or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. § 1973aa-6. Plaintiff alleges that Fort Bend County, through its employees and agents, prevented some limited-English proficient Spanish-speaking voters from securing assistance at the polls necessary for their participation in the voting process, in violation of Section 208.

Plaintiff also alleges that Defendant has failed to ensure that its polling places and poll workers comply with the Help America Vote Act of 2002 ("HAVA"), 42 U.S.C. §§ 15301 et seq., as it applies to Federal elections. Among other things, Plaintiff alleges that the County has failed to ensure that provisional ballots are provided to all voters in Federal elections who believe that they are eligible to vote in the elections, even if the voter is not listed in the registration book. 42 U.S.C. § 15482(a). Further, Plaintiff alleges that the County has failed to ensure that all provisional voters have received information on how to ascertain the outcome of their provisional ballots. 42 U.S.C.

§ 15482(a)(5)(A). Plaintiff alleges that Fort Bend County has not met these HAVA requirements, in part, because it fails to train its poll workers adequately, monitor poll workers' compliance with HAVA, or otherwise ensure compliance in its polling places.

To avoid protracted and costly litigation, the parties have agreed that this lawsuit should be resolved through the terms of this Consent Decree (the "Decree"). Accordingly, the United States and Defendant hereby consent to the entry of this Decree, as indicated by the signatures of counsel at the end of this Order. The parties waive a hearing and entry of findings of fact and conclusions of law on all issues involved in this matter. Each party shall bear its own costs and fees.

Without admitting or denying that it has not fully complied with all of the provisions of Sections 4(f)(4) and 208 of the Voting Rights Act and Section 302(a) of the Help America Vote Act, Defendant continues to be committed to comply fully with all of such requirements in future elections. Therefore, to confirm its commitments, Defendant stipulates that each provision of this Decree is appropriate and necessary.

Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1. Defendant, its agents, employees, contractors, successors, and all other persons representing the interests of Defendant are hereby PERMANENTLY ENJOINED from:

    a. Failing to provide in Spanish "any registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," that they provide in English, as required by Section 4(f)(4) of the Voting Rights Act, 42 U.S.C. § 1973b(f)(4);

3

   b. Prohibiting "[a]ny voter who requires assistance to vote by reason of blindness, disability, or inability to read or write . . . [to] be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union," 42 U.S.C. § 1973aa-6; and

   c. Failing to ensure that poll workers receive adequate training regarding the use and distribution of provisional ballots under Section 302(a) of HAVA.

 2. The terms of this Decree apply to all Federal, state, and local elections that are administered by the County. Whenever Defendant enters into an election services contract with any other entity, political subdivision, or political party to conduct an election on behalf of that entity, Defendant shall require such entity to agree to abide by the terms of this Decree as if such entity were a party to this Decree with the United States, and consistent with the responsibility of each entity to comply fully with Sections 4(f)(4) and 208 of the Voting Rights Act and Section 302(a) of the Help America Vote Act.

**Assistors of Choice**

 3. Defendant shall ensure that Spanish-speaking voters who require assistance to vote by reason of blindness, disability, or inability to read or write may be given or permitted assistance from persons of the voters' choice, other than the voters' employers or agents of those employers or officers or agents of the voters' unions, and that such assistance shall include assistance in the voting booth, including reading or interpreting the ballot and instructing voters on how to select the voters' preferred candidates.

### Translation and Dissemination of Election-Related Materials

4. All information that is disseminated by Fort Bend County in English about "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," 42 U.S.C. § 1973b(f)(4), shall also be provided in the Spanish language.

5. Defendant shall ensure that all Spanish and English language election information, materials, and announcements are made equally available. Spanish language information shall be distributed to newspapers, radio, the Internet, and other media known to Defendant that exclusively or regularly publish or broadcast information in Spanish to the local population. Defendant's distribution of these minority language announcements shall be in the form, frequency, and media best calculated to achieve notice and understanding equal to that provided to the English-speaking population and to provide substantially the same information, but need not be identical in all respects to English language announcements.

Defendant may rely upon recommendations of the Advisory Group with regard to the requirements of this Paragraph.

### Spanish Language Assistance

6. Spanish-language assistance shall be available at all locations where election-related transactions are conducted, including early voting locations. Trained bilingual (Spanish and English fluent) election personnel shall be available to answer voting-related questions by telephone without cost during normal business hours and while the polls are open on election days. The County may coordinate the provision of such services with other governmental entities that conduct elections.

7. Fort Bend County and the Fort Bend County Elections Administrator shall recruit, hire, and assign poll officials able to understand, speak, write, and read Spanish fluently to provide effective assistance to Spanish-speaking voters at the polls on election days, including at early voting locations.

8. Fort Bend County shall survey its employees to identify personnel who speak Spanish fluently and, to the extent Fort Bend County in its sole discretion believes such employees can be made available to provide assistance, allow and encourage such employees to serve at the polls on election day. The County shall request that cities, school districts, and other entities that are involved in elections conducted by Fort Bend County perform similar surveys of their employees. The County shall also request each school district or other educational entity within the County to devise and implement a program that allows and encourages bilingual students selected (as permitted by state law and as part of an educational program devised by such district) to serve as poll officials on election day for all County elections, including election days that fall on school days, with such students receiving the pay and benefits provided by law for such poll officials. The County shall advise counsel for the United States of any entity that does not participate fully in the event that there is difficulty obtaining sufficient bilingual personnel.

9. The County shall invite eligible members of the Advisory Group, discussed below, to serve as poll officials and to encourage other bilingual voters to do so.

10. In addition to the requirements of state law,

   a. Any election precinct in which there are 100-249 registered voters with Spanish surnames shall be staffed by at least one bilingual election official or poll worker;

6

  b. Any election precinct in which there are 250-499 registered voters with Spanish surnames shall be staffed by at least two bilingual election officials or poll worker;

  c. Any election precinct in which there are 500 or more registered voters with Spanish surnames shall be staffed by at least three bilingual election officials or poll worker;

  d. Each early voting location shall be staffed by at least one bilingual election official or poll worker; and

  e. Defendant shall employ bilingual personnel, trained in Spanish language election terminology, who shall be on call and available to travel to a precinct or early voting location, insufficiently staffed by bilingual poll officials or poll workers as required under Paragraph 10(a)-(d) above.

The parties may, by written agreement or recommendation of the Advisory Group, discussed below, adjust these requirements in light of reliable information that the actual need for language assistance in a particular polling place is lesser or greater than these standards or that the anticipated voter turnout is substantially lower than average voter turnout.

  11. Signs in both English and Spanish shall be posted prominently at all polling places stating that Spanish language assistance is available. At sites without bilingual staff, signs in both English and Spanish shall be posted that explain how voters can obtain Spanish language assistance.

7

**Election official training**

12.     Prior to each election, in addition to any required state or county training, the County shall provide training to all poll officials and other election personnel present at the polls or early voting locations regarding the following:

    a.  The provisions of Section 208 of the Voting Rights Act, including the legal obligation to allow anyone to assist the voter at the polls, other than the voter's employer or agent of that employer or officer or agent of the voter's union; and

    b.  The provisions of Section 4(f)(4) of the Voting Rights Act, including the legal obligation and means to make Spanish language assistance and materials available to voters, and the requirement that poll officials be respectful and courteous to all voters regardless of race, ethnicity, color, or language abilities and to avoid inappropriate comments; and

    c.  Section 302(a) of the Help American Vote Act, including the right of individuals who are not, but believe they should be, listed in the voter registration list to cast a provisional ballot and the obligation of the County to provide provisional voters with information on how to ascertain the outcome of their provisional ballots.

In addition to the general training for poll officials, the County shall provide training to all bilingual poll officials on Spanish language election terminology, voting instructions, and other election-related issues. The County shall maintain a record of which poll officials attend training

sessions, including the time, location, and training personnel involved. The County shall allow representatives of the Department of Justice to attend any training provided pursuant to this Decree.

### Response to Complaints About Poll Officials

13. Defendant, upon receipt of complaints by voters, whether oral or written, shall investigate expeditiously any allegations of poll official hostility toward Spanish-speaking and/or Hispanic voters in any election conducted by Fort Bend County. The results of the investigation(s) conducted by the Defendant shall be reported to the United States within 30 days. Where there is credible evidence that poll officials have engaged in inappropriate treatment of Spanish-speaking or Hispanic voters, Defendant shall remove those poll officials.

### Spanish Language Election Program Coordinator

14. The County shall designate an individual to coordinate the County's Spanish language election program ("the Coordinator") for all elections within the County. The County shall provide the Coordinator with support sufficient to meet the goals of the program. The Coordinator shall be able to understand, speak, write, and read fluently both Spanish and English. The Coordinator's responsibilities shall include coordination of the translation of ballots and other election information; development and oversight of Spanish publicity programs, including selection of appropriate Spanish language media for notices and announcements; training, recruitment, and assessment of Spanish language proficiency of bilingual poll officials and interpreters; and managing other aspects of the program.

### Advisory Group

15.     The County shall establish an Advisory Group to assist and inform the Spanish language election program as provided in Exhibit A, attached hereto. The Advisory Group shall be open to any interested person or organization. The County shall maintain a roster of the Advisory Group members together with the telephone and facsimile numbers or e-mail addresses of each member. The Advisory Group shall meet regularly for six months prior to the first election conducted by the County under the Decree, and at least once during the two months after the election. Thereafter, the Advisory Group shall meet as it determines is necessary so long as it meets at least three times during the six months before the November 2009 general election, at least once during the two months after the November 2009 general election, and at least twice during the five months before the November 2010 general election. The parties may by writing adjust the Advisory Group's meeting schedule after consultation with the Advisory Group. The Coordinator shall provide notice of all planned meetings, including the date, time, location, and agenda at least 14 days in advance of such meeting, although members of the Advisory Group may agree to waive or shorten this time period as necessary. The Coordinator shall preside over all Advisory Group meetings and shall have the right to direct participation of the Advisory Group so that meetings are focused on promoting equal language access to election-related activities and other related issues.

16.     Within five days after each meeting, the Coordinator shall provide a written summary of the discussion and any decisions reached at the meeting to all Advisory Group members and to the Election Administrator. If the Election Administrator decides not to implement an Advisory Group's suggestion or a consensus cannot be reached respecting such suggestion, the Election Administrator shall provide to the Advisory Group through the Coordinator, and maintain on file,

a written statement of the reasons for rejecting such suggestion. The County shall provide a copy of each such summary and report to each member of the Advisory Group and to any additional interested member of the public who requests such information.

17. The County shall transmit to all members of the Advisory Group, and to any additional interested member of the public who requests such information, in English and Spanish, copies of all election information, announcements, and notices that are provided or made available to the electorate and general public, and request that they share such information with others.

**Federal Observers**

18. To monitor compliance with and ensure effectiveness of this Decree, and to protect the Fourteenth Amendment rights of the citizens of Fort Bend County, the appointment of Federal observers is authorized for Fort Bend County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), as long as the Decree is in effect.

19. Defendant shall recognize the authority of Federal observers to observe all aspects of voting conducted in the polls on election day, including the authority to view County personnel providing assistance to voters during voting, except where the voter objects.

**Evaluation of plan**

20. The parties recognize that regular and ongoing reassessment may be necessary to provide the most effective and efficient Spanish language program. Defendant shall evaluate the Spanish language election program after each election to determine which aspects of the program are functioning well; whether any aspects need improvement; and how to effect needed improvements. The program may be adjusted at any time upon joint written agreement of the

11

parties.

**Retention of Documents and Reporting Requirements**

21.     During the duration of this Decree, the County shall make and maintain written records of all actions taken pursuant to this Decree and shall produce copies of such records to the United States upon its request. See generally 42 U.S.C. §§ 1974, 1974b.

22.     During the duration of this Decree, at least 30 days before each County administered election held in the County, Defendant shall provide to counsel for the United States:

> (a)     the name, address, and precinct designation of each polling place and early voting location;
>
> (b)     the name and title of each poll official appointed and assigned to serve at each polling place and early voting location, as of the date the materials are sent;
>
> (c)     a designation of whether each poll official is bilingual in English and Spanish;
>
> (d)     an electronic copy of the voter registration list to be used in such elections as of the date the materials are sent;
>
> (e)     copies of any signs or other written information provided at polling places; and
>
> (f)     agendas and minutes from previous meetings of the Advisory Group.

Within 45 days after each such election, the County shall provide to counsel for the United States any updated report regarding changes in these items, as well as (1) information about all complaints the County received at the election regarding language or assistance issues, and (2) the name of the voters who cast a ballot at each early voting location. This information shall be sent by express mail or electronically to the following address:

Voting Section
United States Department of Justice
Civil Rights Division
1800 G Street, N.W., Room NWB-7254
Washington, D.C. 20006
Facsimile: (202) 307-3961
Yvette.Rivera@usdoj.gov

**Other Provisions**

23. This Decree is final and binding between the parties and their successors in office regarding the claims raised in this action. Defendant shall employ its best efforts to implement all of the terms of this Decree by the May 9, 2009 municipal/school election conducted by the County. Thereafter, Defendant must comply fully with the terms of this Decree, which shall remain in effect through December 31, 2012.

24. The Court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with Sections 4(f)(4) and 208 of the Voting Rights Act and Section 302(a) of the Help America Vote Act.

25. Within 20 days of the entry of this Decree, Defendant shall submit the voting

changes occasioned by this Decree to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

changes occasioned by this Decree to the Attorney General pursuant to Section 5 of the Voting Rights Act, 42 U.S.C. § 1973c.

Agreed to this 9th day of April, 2009.

AGREED AND CONSENTED TO:

For Plaintiff:

ERIC HOLDER
Attorney General

LORETTA KING
Acting Assistant Attorney General
Civil Rights Division

TIM JOHNSON
Acting United States Attorney

/s Daniel David Hu
DANIEL DAVID HU
Assistant United States Attorney
Deputy Civil Chief
Texas Bar No. 10131415
P.O. Box 61129
Houston, TX 77208
713 567 9518
713 718 3303 (fax)
Daniel.hu@usdoj.gov

CHRISTOPHER COATES
Chief, Voting Section

YVETTE RIVERA
Special Litigation Counsel
OLIMPIA MICHEL
Trial Attorney
United States Department of Justice
Civil Rights Division, Voting Section
950 Pennsylvania Avenue NW
Room NWB-7254
Washington, D.C. 20530
202 305 4953
202 307 3961 (fax)
Yvette.Rivera@usdoj.gov

For Defendant:

ROY L. CORDES, JR.
Texas Bar No. 04821000
County Attorney
Fort Bend County

RANDALL W. MORSE
Texas Bar No. 14549700
First Assistant County Attorney
Litigation Division
MARY E. REVELES
Texas Bar No. 24007905
First Assistant County Attorney
General Counsel Division
William B. Travis Building
301 Jackson, Suite 728
Richmond, Texas 77469
Telephone: (281) 341-4555
Facsimile: (281) 341-4557

ROBERT E. HEBERT
COUNTY JUDGE
FORT BEND COUNTY, TEXAS

## JUDGMENT AND ORDER

This Court, having considered the United States' claims under Sections 4(f)(4) and 208 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973b(f)(4) and 1973aa-6, and Section 302(a) of the Help America Vote Act, 42 U.S.C. § 15482(a), and having determined that it has jurisdiction over this claim, has considered the terms of the Consent Decree, and hereby enters the relief set forth above and incorporates those terms herein.

ENTERED and ORDERED this 13th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE

Exhibit A
**SPANISH LANGUAGE ADVISORY GROUP**

(a) **Generally.** The County will establish a "Spanish Language Advisory Group" to provide information and advice to Commissioners Court and the Elections Administrator on the most effective and efficient means of providing election materials, information and language assistance to Spanish-speaking voters who need such assistance.

(b) **Assistance.** The Spanish Language Advisory Group shall provide advice to the Elections Administrator regarding polling places that need (or do not need) workers fluent in both English and Spanish to provide oral language assistance to voters in the Spanish language and the number of language assistants necessary at such polling places to conduct a proper election. The Spanish Language Advisory Group shall provide assistance and advice in recruiting bilingual workers to assist with elections.

(c) **Materials.** The Spanish Language Advisory Group shall provide assistance if necessary in reviewing or creating the translation of election information and election materials.

(d) **Membership/Eligibility.** Commissioners Court shall appoint some of the members of the Spanish Language Advisory Group as follows: Two (2) members shall be selected by each member of Commissioners Court, two (2) members shall be selected by the Elections Administrator, and (1) member shall be selected by the County Chair of each political party holding a primary election in the county. To be eligible for appointment to the Spanish Language Advisory Group, a person (i) must be a United States citizen, (ii) must be a registered voter, (iii) may not hold an elected public office, (iv) may not be a candidate for public office as determined by Section 32.054 of the Election Code, (v) may not be employed by an elected public officer or candidate for a public office as determined by Section 32.054 of the Election Code, (vi) may not be related within the second degree of consanguinity or affinity (as determined under Chapter 573, Government Code) to an elected public officer or candidate for public office, and (vii) may not serve as a campaign treasurer or campaign manager (as determined by Section 32.0551, Election Code) of an elected public officer or candidate for public office. Any other interested person or organization may join the Advisory Group and have full rights to participate.

(e) **Terms.** Appointed members of the Spanish Language Advisory Group shall serve two year terms that begin on January 1st of odd-numbered years, except that members appointed in 2006 shall serve through December 31, 2008. Appointed Advisory Group members who have served in past or current terms shall be eligible for reappointment if they meet the eligibility requirements for membership.

(f) **Meetings.** The Spanish Language Election Program Coordinator shall serve as a facilitator for the Spanish Language Advisory Group and shall provide staff assistance for taking and preserving the minutes of the meetings of the Advisory Group. Meetings of the Advisory Group shall be open to the public and shall provide an opportunity for public comments. Meetings of the Advisory Group shall be held at a minimum of once per month during the three months prior to and one month after each primary or general election for state and county officers in even-numbered years, and at least three times in odd-numbered years.